UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GEORGIA MURRAY,

        Plaintiff,                       CIVIL ACTION NO. 08-11880

       v.                                DISTRICT JUDGE STEPHEN J. MURPHY III

JOHN D. DINGELL VETERANS       MAGISTRATE JUDGE VIRGINIA MORGAN
ADMINISTRATION MEDICAL
CENTER and AMERICAN
FEDERATION OF GOVERNMENT
EMPLOYEES LOCAL 933,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

      This matter is before the court on Motions to Dismiss filed by defendant VAMC (#15) and Motion for Summary Judgment filed by AFGE Local 933 (#23). Oral argument was held on the motions. Plaintiff, a former employee of the John D. Dingell Veterans Affairs Medical Center in Detroit, Michigan ("VAMC"), sues for violation of her rights arising out of the termination of her employment. Plaintiff is *pro se* and it is difficult to tell the basis for her claim.[1] From the court's review of the complaint and from oral argument, it appears that

---

[1] Plaintiff asked for a lawyer to be appointed for her. Because this is a civil case, plaintiff is not entitled to court appointed counsel. Consistent with the district's practice, the case was referred to the court's Pro Bono Committee for legal review. Several attorneys reviewed the case, but all refused to take her case. Thus, plaintiff's motion for counsel was denied.

- 1 -

plaintiff alleges employment discrimination claims against her former employer, VAMC and breach of the duty of fair representation against the defendant Union. Defendant VAMC seeks dismissal of the complaint under Federal Rule of Civil Procedure 12(b)(4) and (6) for failure to exhaust administrative remedies, for failure to state a claim on which relief can be granted, for naming an improper party as the defendant, and for insufficient process. With respect to defendant American Federation of Government Employees Local 933 (the Union), its motion, captioned as one for summary judgment, argues that plaintiff's complaint is subject to dismissal for failure to state a claim. Defendant submits that plaintiff has articulated no more than mere boilerplate and conclusory allegations. For the reasons discussed in this report, it is recommended that both motions be granted on the merits and the case dismissed.

**Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) permits a district court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." In considering whether to grant a defendant's motion to dismiss pursuant to Rule 12(b)(6) a district court must accept as true all the allegations contained in the complaint and construe the complaint liberally in favor of the plaintiff. *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006). A district court need not, however, accept as true legal conclusions or unwarranted factual inferences. *Kottmyer*, 436 F.3d at 688. *See also*, *Bohanan v. Bridgestone/Firestone No. Am. Tire, LLC*, 260 F. App'x 905, 906 (6th Cir.2008)(citing *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir.1999)(the court need not draw unwarranted factual inferences or accept the plaintiff's legal conclusions).

A Rule 12(b)(6) motion is simply one permissible avenue for contending that the complaint should be dismissed because it fails to state a claim on which relief can be granted. Such motions "presume as a legal matter the lack of any need for an evidentiary hearing...." *United States v. Raddatz,* 447 U.S. 667, 693-94(1980).

The Supreme Court has recently re-articulated the standard for dismissal of a complaint for failure to state a claim. The complaint may be dismissed "if it fails to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly,* 550 U.S. at 555; *Ashcroft v. Iqbal,* ---U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 129 S.Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' ... it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft,* 129 S.Ct. at 1949 (quoting *Twombly,* 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-that the pleader is entitled to relief." *Ashcroft,*

129 S.Ct. at 1950 (quoting Fed. R. Civ. P. 8(a) (2))."[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," so "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombley,* 550 U.S. at 555). "[T]he Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context." *Id.* at 1954 . "And Rule 8 does not empower [a plaintiff] to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss." *Id.*

Thus, each claim's factual allegations must plausibly suggest a viable claim; the claim must be plausible and not merely conceivable. *NicSand, Inc. v. 3M Co.*, 507 F.3d 442, 455 (6th Cir.2007) (en banc), citing *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, ----, 127 S.Ct. 1955, 1974 (2007). The factual allegations must be enough to raise a right to relief above the speculative level, not merely create a suspicion of a legally cognizable cause of action. *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir.2008) (quoting *Twombley*, 550 U.S. at ----, 127 S.Ct. at 1974). There must be either direct or inferential allegations regarding all the material elements of each claim. *LULAC v. Bredesen*, 500 F.2d 523, 527 (6th Cir.2007) (McKeague, J.) (citing *Twombley*, 550 U.S. at ----, 127 S.Ct. at 1969).

However, it should be noted that in *Erickson v. Pardus*, 550 U.S. 89, 127 S.Ct. 2197(2007), decided two weeks after *Twombley*, the Supreme Court affirmed that "Federal Rule of Civil Procedure 8(a) (2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give

the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Id. at 2200 (quoting *Twombley*, 127 S.Ct. at 1964). The opinion in *Erickson* reiterated that "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Id. (citing *Twombley*, 127 S.Ct. at 1965). Thus, both *Twombley* and *Erickson* should be read in conjunction with one another when deciding a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12. In the end, determining whether a complaint states "a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal,* 556 U.S. ----, 129 S.Ct. 1937, 1950 (2009), see also *Lee v. Potter* 2009 WL 2057625, 3 (S.D.Ohio,2009).

Defendant Union also moves for summary judgment pursuant to Fed. R. Civ. Pro. 56(b), which states that "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move without or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56©.

In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-movant. See Matsushita Electric Industrial Co., Ltd. et al. v. Zenith Radio Corp., et. al., 475 U.S. 547, 587, 106 S.Ct. 1348, 1356 (1986); see also B.F. Goodrich Co. v. U.S. Filter Corp., 245 F.3d 587, 591-92 (6th Cir. 2001).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Once the moving party has carried his burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita, 475 U.S. at 587, 106 S.Ct. 1348. The opposing party cannot merely rest upon the allegations contained in his pleadings. Rather, he must submit evidence demonstrating that material issues of fact exist. Banks v. Wolfe County Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003); Fed. R. Civ. P. 56(e). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587, 106 S.Ct. 1348 (quoting First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 1575, 1592 (1968)).

**Background**

Plaintiff Georgia Murray was employed at VAMC in 2004 and 2005 as a medical technician (#1 p22). During that period she was a probationary employee. She was discharged from her employment on September 9, 2005 due to violation of the attendance policy. (Attachments to #1, p 17) An attempted administrative resolution in 2007 indicates that plaintiff was discharged during her probationary period for time and attendance and performance issues. (#1 p22) Plaintiff's claims of age discrimination and mental disability were the subject of informal EEO counseling but no resolution was reached. (#1 p 22) In her complaint with the court, plaintiff alleges that her discharge was in violation of Title VII (Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII") and that VAMC "did not follow Rules and Regulations for the Union." It appears that she claims that although she

was discharged for poor attendance, she understood that she had approval for being off work due to deaths in her family and for sick leave. (Complaint Form) She also alleges that although they indicated that she had mental problems and/or was disabled that is not true. Id. She relies on statutes and regulations relevant to handicapped discrimination. (Objection to Motion to Dismiss, filed 4/29/09) The complaint was filed in April 2008 but not served on the U.S. Attorney's office or the U.S. Attorney General. It was received by Roland Bessette, Regional Counsel for Veterans Affairs in early February, 2009 and forwarded by him to the U.S. Attorney's office.

**VAMC Motion to Dismiss (#15)**

    1) VAMC moves to dismiss the case for failure to exhaust. This motion can be viewed as a Rule 12(b)(6) motion or one brought under Rule 56 for summary judgment. The Sixth Circuit has generally treated motions to dismiss the complaint for failure to exhaust administrative remedies under Rule 12(b)(6). *Mitchell v. Chapman*, 343 F3d 811, 820 n.10 (6th Cir. 2003) Plaintiff's employment was terminated either August 25, 2005 (per Union motion, #23 p5) or on September 9, 2005 (State of Michigan Notice of Determination, #1 p17). Some eighteen months later, she filed a formal EEO complaint, asserting that she was fired for age and disability. She sought reinstatement and back pay. A federal employee who claims to be a victim of employment discrimination must exhaust her administrative remedies. *Brown v. General Services Administration*, 425 U.S. 820, 832 (1976), *McFarland v. Henderson*, 307 F.3d 402, 406 (6th Cir. 2002) (Title VII claims), *Smith v. United States Postal Service*, 742 F.2d 257, 260-62 (6th Cir. 1984). The aggrieved employee must contact an EEO counselor within 45 days

of an alleged discriminatory event. 20 CFR 1614.105(a)(1). In addition, the employee must file a formal complaint of discrimination within 15 days of the date she received a notice of final interview from an EEO counselor. 29 CFR 1614.106(a) and (b). Within 90 days of a final agency decision on a formal complaint or within 180 days of filing the formal complaint with the agency, a plaintiff can initiate an action in federal district court. 29 CFR 1614.407(a) and (b). The failure to exhaust is subject to equitable tolling. *Irwin v. Veterans Administration*, 489 U.S. 89, 95 (1990)(such tolling should be used only sparingly). In the instant case, plaintiff did not timely contact an EEO counselor. She did not contact the counselor until March 2007. No compelling equitable reasons for the 18 month delay are articulated by plaintiff. She was aware of her termination and took no action to pursue her EEO rights. She did apparently file for unemployment in November, 2005. (#1, p17)

It is true that plaintiff filed some administrative appeals which were denied. (#1, p3) On February 4, 2008, Carlton Hadden , Director of the Office of Federal Operations signed a Denial of the request for reconsideration of the decision in Georgia Murray v. Department of Veterans Affairs, EEOC Appeal 0120073567 (Oct. 22, 2007). This Denial advised her that she could file a civil action and could ask for a lawyer. This appears to be what she did. However, the denial of the appeal, which was dismissed originally for failure to exhaust, cannot serve to bootstrap jurisdiction for review on the merits. (#1 p13) While the court would wish that the executive branch could have sent a Denial that more fully explained plaintiff's rights, the defendant sovereign is still entitled to dismissal for plaintiff's failure to properly exhaust.

2) VAMC also moves to dismiss on the grounds that plaintiff's complaint fails to state a claim. VAMC argues that plaintiff's complaint does not rise above the speculative level. The court agrees. Although plaintiff claims discrimination on the basis of age (plaintiff is in her late 40s) and disability (type unidentified), she provides no facts from which a plausible claim could be inferred. There is no showing of any link between any purported disability or age and the termination. In an employment discrimination case, the burden is on the plaintiff to establish a prima facie case of discrimination. Where a plaintiff cannot show direct evidence of racial bias, an inference of race discrimination may be drawn due to the circumstances of the decision at issue. *McDonnell Douglas Corp. v. Green*, 411 U. S. 792, 802 (1973); *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 256 (1981). Under the analysis of *McDonnell Douglas* and *Burdine*, a plaintiff must show that first a prima facie case of racial or other protected, class-based discrimination. She may do so by demonstrating that she is a member of protected class, that she was qualified for the position in question, that she was demoted and ultimately discharged, and that the position remained open and was ultimately filled by a person outside the protected class. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502 (1993). A plaintiff can also make out a prima facie case by showing, in addition to the first three elements, that a "comparable, non-protected person was treated better." *Mitchell v. Toledo Hospital*, 964 F.2d 577, 582 (6th Cir. 1992). The comparable non-protected person must be similarly situated in all respects. Id. at 583, n. 5. Plaintiff has not alleged any facts that would bear on this requirement, let alone fulfil it.

3) VAMC also seeks dismissal on the grounds that plaintiff has failed to sue the proper party and has not properly served defendant. VAMC is correct but it is not recommended that the case be dismissed on these grounds. Because on the merits, plaintiff is barred for failure to exhaust and for failure to state a claim, dismissal to amend the caption to Secretary of the Department of Veterans Affairs Eric Shinseki or to provide additional mailings to comply with proper service does not seem warranted. If the district judge determines that plaintiff's case should proceed, then these reasons would need to addressed and the defects corrected by plaintiff.

## Local 933's Motion for Summary Judgment

Because the lawsuit is filed against both the employer and the union, it is considered a "hybrid" claim arising under § 301 of the LMRA. A hybrid claim is subject to the 6-month statute of limitations provided for by the LMRA. *See DelCostello v. Int'l Bhd. of Teamsters,* 462 U.S. 151, 169, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). A hybrid claim "accrues when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation." *Adkins v. Int'l Union of Elec., Radio, & Mach. Workers, ALF-CIO-CLC,* 769 F.2d 330, 335 (6th Cir.1985) (citations omitted). An action may be properly dismissed pursuant to Fed.R.Civ.P. 12(b)(6) based on a statute-of-limitations defense if it is apparent from the face of the complaint that no set of facts would entitle the plaintiff to relief. *See Gibson v. Am. Bankers Assoc.,* 289 F.3d 943 (6th Cir.2002); *Rauch v. Day & Night Mfg. Corp.,* 576 F.2d 697 (6th Cir.1978). In this case, plaintiff's action is brought at the earliest over two years after her termination. Thus, the action is time barred.

Even if not time barred, plaintiff would still not prevail. The Supreme Court explained a hybrid § 301 action in *Del Costello:*

> Such a suit, as a formal matter, comprises two causes of action. The suit against the employer rests on § 301, since the employee is alleging a breach of the collective-bargaining agreement. The suit against the union is one for breach of the union's duty of fair representation, which is implied under the scheme of the National Labor Relations Act. Yet the two claims are inextricably interdependent. "To prevail against either the company or the Union, ... [employee-plaintiffs] must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating breach of duty by the Union." The employee may, if he chooses, sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both. The suit is thus not a straightforward breach-of-contract suit under § 301 ... but a hybrid § 301/fair representation claim....

462 U.S. at 164 (quoting *United Parcel Serv., Inc. v. Mitchell,* 451 U.S. 56, 66-67, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981)) (Stewart, J. concurring in judgment) (quoting *Hines v. Anchor Motor Freight,* 424 U.S. 554, 570-71).

The duty of fair representation "is a federal obligation which has been judicially fashioned from national labor statutes." *Abrams v. Carrier Corp.,* 434 F.2d 1234, 1251 (2d Cir.1970). The seminal cases are *Vaca v. Sipes*, 386 U.S. 171 (1967) and *Hines v. Anchor Motor Freight*, 424 U.S. 554 (1976) (both discussing grievance and arbitration proceedings). In *Vaca,* the Supreme Court specifically defined the judicially developed doctrine. A breach of the duty of fair representation occurs "only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Id.* at 190. In cases involving a union's handling of a grievance, the critical focus is the union's good faith. A breach of the duty during the grievance procedure "is not established merely by proof that the underlying grievance

was meritorious." *Id.* at 194. With regard to extent of the duty of fair representation during the grievance process, the Supreme Court noted in *Vaca:*

> Some have suggested that every individual employee should have the right to have his grievance taken to arbitration. Others have urged that the union be given substantial discretion (if the collective bargaining agreement so provides) to decide whether a grievance should be taken to arbitration, subject only to the duty to refrain from patently wrongful conduct such as racial discrimination or personal hostility.
> Though we accept the proposition that a union may not arbitrarily ignore a meritorious grievance or process it in perfunctory fashion, we do not agree that the individual employee has an absolute right to have this grievance taken to arbitration regardless of the provisions of the applicable collective bargaining agreement.

*Id.* at 190-91.

Since *Vaca,* the Court has elaborated on the nature of this duty. In *Air Line Pilots Ass'n, Int'l v. O'Neill,* 499 U.S. 65, 67, 111 S.Ct. 1127 (1991) (citations omitted), the Court explained: "a union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness,' as to be irrational."

The Sixth Circuit has also elaborated on the extent of the duty of fair representation. In *Whitten v. Anchor Motor Freight, Inc.,* 521 F.2d 1335 (6th Cir.1975), a discharged employee brought suit under § 301 against his union for breach of its duty of fair representation in refusing to process his grievance to an arbitration hearing. *Id.* at 1337. The court found that a union does not have to process a grievance that it deems lacks merit, as long as it makes that determination in good faith. *Id.* at 1341. The Court in *Vaca* encouraged settlement of meritorious grievances in an honest and sensible way. In addition, the law "recognizes the Union's right to preserve its own integrity in good faith representation of its members by freeing it from an obligation to pursue

meritless claims." *Id.* at 1342. In *Whitten,* the employee further argued the union breached its duty of fair representation because it did not inform plaintiff of the meeting when his grievance was discussed and it did not respond to his letters inquiring about the status of his grievance. The Sixth Circuit found that even if this were true, it did not amount to a breach of the union's duty. The court stated:

> The Union may have acted negligently or exercised poor judgment in failing to keep Whitten informed of the status of his grievance, but this is not sufficient to support a claim of unfair representation. A section 301 remedy against the Union, under *Vaca v. Sipes* is premised upon proof of "the union's *wrongful* refusal to process the grievance," *Vaca v. Sipes,* 386 U.S. at 185. We conceive that wrongful refusal to process a grievance is properly judged in the light of the Union's undoubted obligation, as the statutory and contractual agent of the employee, to represent his interests honestly and in good faith, and thus to refrain from discriminatory conduct which effectively prevents the employee from pursuing his legitimate claim that the employer breached the contract.

*Id.* at 1342.

Even a mistaken evaluation of the probability of success on the merits does not establish a breach of the duty of fair representation. In *Poole v. The Budd Co.,* 706 F.2d 181 (6th Cir.1983), the Sixth Circuit stated that, when handling a grievance:

> A union's conduct may be sufficiently arbitrary to establish a breach of its duty to fairly represent its members when it handles a grievance in a 'perfunctory' manner, with caprice or without rational explanation. The employee need not necessarily show bad faith, yet mere negligence or mistaken judgment is insufficient to establish a breach of the union's duty."

*Id.* at 183. *See also Milstead v. Int'l Bhd. of Teamsters, Inc.,* 580 F.2d 232, 235 (6th Cir.1978) (finding that bad faith is not a "necessary element of proof when alleging arbitrary or discriminatory conduct"); *cf. Ruzicka v. General Motors, Corp.,* 649 F.2d 1207, 1212 (6th

Cir.1981) (holding that a showing of bad faith is required where the allegation is simply that an employee's grievance was without merit).

Thus, failure to raise certain arguments on behalf of grievants or even take the case to arbitration, even if amounting to negligence or poor judgment does not, without more, constitute a breach of the duty of fair representation. *See Poole,* 706 F.2d at 183.

Further, proof that the union acted in bad faith or in an arbitrary or discriminatory manner is not enough to prove a breach of the duty of fair representation. In addition, "the plaintiff must also prove that the Union's actions tainted the grievance procedure such that the outcome was more than likely affected by the Union's breach." *Dushaw v. Roadway Express, Inc.,* 66 F.3d 129, 132 (6th Cir.1995)

In this case, even if the grievance should have been further processed, the outcome would not have been different. Plaintiff was a probationary employee, terminated for performance based reasons (absenteeism). The Union notes that plaintiff's complaint does not make any allegations against AFGE Local 933, other than to attach plaintiff's grievance form. On September 8, 2005, plaintiff filed a statement of her grievance with the union: "wrongful discharge. I was granted approval leave for hardship, also I had food poison. . . " (#1 p12) Plaintiff has attached to her complaint a doctor's note that purports to be a work slip excusing her from work. (#1 p18). The date on the slip is changed from 8/19/05 to 8/29/05 but the body of the note states "Excuse pt on 817-05 an. 8-18-05" and is able to return to work on "8-22-05." The remarks are that: "pt had food poison"; the signature is illegible. Both sides agree that the union did not pursue a grievance. The union submits that there was an investigation and it was

determined that plaintiff was a probationary employee terminated for poor attendance, which is a performance based factor.  Plaintiff argues that subsequently the union misplaced her file (which counsel conceded at oral argument might have happened) but she has not alleged or shown facts from which the court could infer that the union breached a duty of fair representation. Even if the Union handled the grievance in a perfunctory fashion, there is no allegation or showing that a lesser action other than discharge could have been brought about.  In sum, plaintiff has not alleged any plausible claim against the union.

**Conclusion**

Accordingly, it is recommended that VMAC's motion to dismiss be granted and that the Union's motion for summary judgment also be granted and the case dismissed with prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

S/Virginia M. Morgan<br>
Virginia M. Morgan<br>
United States Magistrate Judge

Dated: July 31, 2009

### Certificate of Service

The undersigned certifies that the foregoing document was served upon the parties of record via the court's ECF system and/or U.S. mail on July 31, 2009.

s/Laurie Fromhart<br>
Judicial Assistant