**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GEORGIA MURRAY,

       Plaintiff,                          CIVIL ACTION NO. 08-11880

       v.                                DISTRICT JUDGE STEPHEN J. MURPHY III

JOHN D. DINGELL VETERANS        MAGISTRATE JUDGE VIRGINIA MORGAN
ADMINISTRATION MEDICAL
CENTER and AMERICAN
FEDERATION OF GOVERNMENT
EMPLOYEES LOCAL 933,

       Defendants.

_____/

**OPINION AND ORDER DENYING MOTIONS #31 #33 & # 39**

On July 31, 2009, this court entered a Report and Recommendation on dispositive motions, that is: Motions to Dismiss filed by defendant VAMC (#15) and Motion for Summary Judgment filed by AFGE Local 933 (#23). That Report & Recommendation is pending before the district judge. Also pending before the court are several non-dispositive motions filed by *pro se* plaintiff. The court has determined that oral argument is not necessary.

**Background**

Plaintiff, a former probationary employee of the John D. Dingell Veterans Affairs Medical Center in Detroit, Michigan ("VAMC"), sues for violation of her rights arising out of

the termination of her employment as a medical technician.   Plaintiff alleges employment discrimination claims against her former employer, VAMC and breach of the duty of fair representation against the defendant Union.  Defendants allege that she was discharged for performance related issues related to her attendance, that she failed to exhaust administrative remedies, that the case is time barred, and that no discrimination occurred.

**Motions 31 and 33:**

In both these one page motions, plaintiff requests counsel.  This is a civil action and therefore government funds are not available, nor is plaintiff entitled to, court appointed counsel.  Counsel was denied and then plaintiff attended the court's Law Day program at which, she claims, she was promised a lawyer. The court referred the matter to the Pro Bono committee of the district court and five attorneys reviewed her file according to communication from William Lewis, case manager to Judge Hood, chair of that committee.  None of them were willing to take her case.

In addition, the Report and Recommendation which is pending recommends dismissal of her cause of action. It is barred by the statute of limitations for her action against the Union, barred against the employer for her failure to timely exhaust her administrative remedies, and lacking a claim for relief on the merits. These are not claims for which legal argument would change the outcome.  Thus, appointment of a lawyer would serve no purpose.

Motions for Reconsideration or are govern by Local Rule 7(g) which provides in pertinent part**:**

> 1) A motion for rehearing or reconsideration must be filed within 10 days after entry of the judgment or order.
>
> 2) No response to the motion and no oral argument are permitted unless the court orders otherwise.
>
> 3) Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

In this case, assuming the motions are timely, plaintiff has not shown a palpable defect leading to a different disposition. Therefore the motions for reconsideration (#31 and #33) are denied.

**Motion to Amend/Correct Complaint 39**

In this motion, *pro se* plaintiff responds to defendant VAMC's argument that the plaintiff failed to sue the proper party and has not properly served defendant. VAMC is represented by counsel in this action and has responded to plaintiff's claims. As stated in the Report and Recommendation, on the merits, plaintiff is barred from pursuing this

action. Her request to amend to name the proper party is therefore futile. See, FRCP Rule 15. Thus, the motion is denied. If the district judge permits the case to proceed, the proper party can be named and served without prejudice to either defendant.

                    S/Virginia M. Morgan
                    Virginia M. Morgan
                    United States Magistrate Judge

Dated: August 7, 2009

## PROOF OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on August 7, 2009.

                    s/J. Johnson
                    Case Manager to
                    Magistrate Judge Virginia M. Morgan