UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGIA MURRAY,

    Plaintiff,

v.

JOHN D. DINGELL VETERANS AFFAIRS
MEDICAL CENTER and AMERICAN
FEDERATION OF GOVERNMENT
EMPLOYEES LOCAL 933,

    Defendants.

                                             /

Case No. 08-cv-11880

HONORABLE STEPHEN J. MURPHY, III

**ORDER ADOPTING, IN PART, REPORT AND RECOMMENDATION, GRANTING
DEFENDANTS' MOTIONS TO DISMISS, AND DISMISSING PLAINTIFF'S CASE**

In this action, pro se Plaintiff Georgia Murray has filed this action alleging discrimination in employment by her former federal employer and breach of the duty of fair representation by her former union representative. Defendant John D. Dingell Veterans Affairs Medical Center ("VAMC") moved to dismiss the complaint for failure to exhaust her administrative remedies, failure to state a claim, failure to perfect service of process, and failure to sue the correct party. Defendant American Federation of Government Employees Local 933 ("Union") moved to dismiss the claim for failure to state a claim.[1]

The Court referred the case to Magistrate Judge Virginia M. Morgan to conduct all pretrial proceedings. The matter returns to the Court on the Report and Recommendation ("R & R") of Judge Morgan. Docket no. 41. Judge Morgan recommends that the Court grant Defendant VAMC's motion to dismiss for failure to exhaust and for failure to state a

---

[1] Although Defendant Union titles its motion as one for summary judgment under Rule 56, it asks that the Court dismiss the complaint for failure to state a claim. *See* Def. Mot. to Dismiss, docket no. 23, p.1. Because the motion accepts as true the factual allegations in the complaint and challenges the legal sufficiency of the complaint, the Court will consider the motion as one to dismiss under Rule 12(b)(6).

claim. She also recommends the Court grant Defendant Union's motion to dismiss for failure to state a claim and because the action is time-barred. For the reasons stated below, the Court will adopt in part Judge Morgan's recommendation and dismiss the case.

A District Court's standard of review for a magistrate judge's report and recommendation depends upon whether a party files objections. With respect to portions of an R & R that no party objects to, the Court need not undertake any review at all. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). On the other hand, the Federal Rules of Civil Procedure provides that a district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Thus, the Court will conduct de novo review of the portions of the R & R to which Murray has made specific objection to the extent necessary to resolve the motions.

Murray alleges that VAMC discriminated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and possibly the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq*. Murray has filled in the blanks of a form complaint and checked the boxes for "age" and "ADA-defined disability/other," but has not included any further description of her claims. *See* docket no. 1, p. 2. VAMC moved to dismiss Murray's claims because, among other reasons, Murray has failed to state a claim upon which relief can be granted. Judge Morgan recommended the Court grant the motion to dismiss on this ground, finding Murray failed to allege facts demonstrating any plausible entitlement to

relief under any of the possible theories of recovery she appears to raise in her complaint. R & R, docket no. 41, p. 10.

Murray filed two sets of objections to Judge Morgan's recommendation, only the first of which was timely. Docket nos. 43 & 44. Though untimely, the Court will accept Murray's tardy second set of objections. Murray's objections to dismissal of the claims against VAMC, however, relate only to Judge Morgan's recommendation that her claims be dismissed for failure to exhaust her administrative remedies. Murray has failed to object in any way to Judge Morgan's recommendation that her claims against VAMC be dismissed for failure to state a claim upon which relief may be granted. Because of this failure, the Court need not conduct any review of the portions of the report recommending dismissal of the claims for failure to state a claim. Accordingly, the Court will not conduct any review of those portions, will adopt Judge Morgan's recommendation on this ground, and will dismiss Murray's claims against VAMC for failure to state a claim.[2]

With respect to Murray's claims against the Union, Judge Morgan recommended that the Court also dismiss those claims for failure to state a claim, among other reasons. Judge Morgan generously construed Murray's claim against the Union as a hybrid claim brought under section 301 of the Labor Management Relations Act, codified at 29 U.S.C. § 185, concluded that Murray had failed to state a plausible hybrid claim against the Union, and recommended that Murray's claims against the Union be dismissed for that reason.

Again, Murray has filed general objections to the report and recommendation, but has failed to specifically object to Judge Morgan's recommendation that the case be dismissed

---

[2] Because dismissal for failure to state a claim upon is sufficient to dismiss all of Murray's claims against VAMC, the Court need not conduct review de novo the grounds for dismissal recommended by Judge Morgan to which Murray has actually objected, e.g., failure to exhaust administrative remedies.

3

against the Union for failure to state a claim. Because of her failure to make specific objections, the Court need not conduct any review of the portions of the report recommending dismissal of the claims for failure to state a claim. The court will adopt the recommendation and will dismiss Murray's claims against the Union for failure to state a claim.

**WHEREFORE**, it is hereby **ORDERED** that:

- The Report and Recommendation (docket no. 41) is **ADOPTED**, in part, as the opinion of this Court insofar is it recommends granting Defendant VAMC's motion to dismiss for failure to state a claim, and granting Defendant Union's motion to dismiss for failure to state a claim.

- Defendant VAMC's motion to dismiss (docket no. 15) for failure to state a claim is **GRANTED** and Murray's claims against VAMC are **DISMISSED.**

- Defendant Union's motion to dismiss for failure to state a claim (titled as a motion for summary judgment) (docket no. 23) is **GRANTED** and Murray's claims against the Union are **DISMISSED.**

**SO ORDERED.**

        s/Stephen J. Murphy, III
        STEPHEN J. MURPHY, III
        United States District Judge

Dated: February 26, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 26, 2010, by electronic and/or ordinary mail.

        Alissa Greer
        Case Manager