UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGIA MURRAY,

    Plaintiff,

v.

Case No. 08-cv-11880

HONORABLE STEPHEN J. MURPHY, III

JOHN D. DINGELL VETERANS AFFAIRS
MEDICAL CENTER and AMERICAN
FEDERATION OF GOVERNMENT
EMPLOYEES LOCAL 933,

    Defendants.
    _____/

**ORDER DENYING PLAINTIFF'S MOTION
FOR RELIEF** (docket no. 47)**, MOTION TO APPOINT
COUNSEL** (docket no. 49)**, AND MOTION TO REOPEN CASE** (docket no. 50)

In this employment action, pro se Plaintiff contends that the John D. Dingell Veterans Affairs Medical Center discriminated against her on various bases, and that her local union representative, American Federation of Governmental Employees Local 933, breached its duty of fair representation in failing to grieve her discharge. Defendants moved, in separate motions and on various grounds, to dismiss the claims. The matter was referred to Magistrate Judge Virginia Morgan for all pretrial proceedings. She recommended that both motions be granted and the be claims dismissed with prejudice.

Subsequent to the filing of Judge Morgan's report, Plaintiff filed what the Court believed to be objections to the report. The objections did not respond to all the grounds recommended for dismissal in Judge Morgan's report. Specifically, the objections focused only on the exhaustion issue and failed to address Judge Morgan's recommendation that the claims against Defendants be dismissed for failure to state a claim for relief. The Court adopted those unobjected-to portions of the report without review, and dismissed all claims with prejudice.

Less than two weeks later, Plaintiff filed various documents with the Court in which she asks that the Court reopen her case, consider her objections to the report, appoint her counsel, and award her $100,000 in damages. See docket nos. 47-51, 55. The thrust of Plaintiff's filings is that she never received a copy of the report and recommendation, and should be given a chance to file objections. Defendants have filed responses to the filings, stating that the record belies Plaintiff's assertion that she did not receive a copy of the report, and that she should not be permitted to be heard.

The docket does indeed contain two filings made shortly after the issuance of the report and recommendation, one of which is titled "objection to motion to dismiss," strongly suggesting that the filings were made in response to Judge Morgan's report and recommendation, and that Plaintiff did receive a copy of the complaint. The fact that Plaintiff filed documents shortly after the Court issued its order adopting the report also suggests that she received a copy of the report and recommendation, for there is no indication that Plaintiff's address changed between the time Judge Morgan sent out the report and recommendation and the time the Court mailed the opinion and order; if Plaintiff received the Court's order, she also received Judge Morgan's report and recommendation, sent to the same address as the order with no intervening change of address. Moreover, the Court's order was never returned by the Postal Service as undeliverable.

Regardless, even were the Court to find that Plaintiff did not receive the report and recommendation, and were to consider her belated filings, the result in the case would not change. A district court need only conduct a de novo review of those portions of the report and recommendation to which a party files timely and specific objections. *See Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) ("Overly general objections do not satisfy the objection requirement."). "The objections must be clear enough to enable the district

2

court to discern those issues that are dispositive and contentious." *Id.* (internal quotation marks omitted). Objections that merely dispute the correctness of the magistrate judge's recommended outcome, but fail to specify the findings believed to be wrong, are too general to invoke the statutorily mandated de novo review. *Id.*

Plaintiff's objections are not specific. Some of the filings simply state that Plaintiff objects to dismissal of the claims.[1] *See* docket nos. 48 & 51. One of them simply states that Plaintiff has already given proof of her claims to the Court, but that some of the evidence is missing, and attaches various documents submitted already in previous filings. *See* docket no. 55. Despite all the paper filed, Plaintiff never indicates in what way Judge Morgan erred in resolving Defendants' motions to dismiss. Because Plaintiff's filings in response to the report and recommendation simply object to the dismissal of her claims in a conclusory fashion, and fail to identify for the Court those specific issues that she believes were decided wrongly by Judge Morgan, Plaintiff has not triggered de novo review. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3); *Spencer*, 449 F.3d at 725.

But even if Plaintiff's objections could be construed as specific enough to trigger de novo review, the Court would still adopt the analysis in the report and dismiss the claims against Defendants, because Plaintiff has failed to state claims upon which relief can be granted. Judge Morgan correctly determined that Plaintiff failed to present plausible claims of discrimination and breach of the duty of fair representation, and Plaintiff's objections do not persuade the Court otherwise.

---

[1] Plaintiff's filings that do not object to the report lack merit as well. Plaintiff's "motion for relief to be granted" (docket no. 7) simply lists the various forms of relief she seeks in this case. To the extent Plaintiff requests the Court summarily grant her requests, her motion is meritless and is denied. Plaintiff also requests the Court appointment pro bono counsel (docket no. 49). Her earlier requests for counsel were denied, and the Court finds no basis for appointing counsel as this time. The request is denied.

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's motion for relief to be granted (docket no. 47), motion to appoint counsel (docket no. 49), and motion to reopen case (docket no. 50) are **DENIED.** This case is closed and final judgment will be entered.

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: December 16, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 16, 2010, by electronic and/or ordinary mail.

Alissa Greer
Case Manager